## ROOSEVELT SESSOMS *v.* STATE OF MARYLAND

[No. 176, September Term, 1967.]

*Decided February 29, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, and ORTH, JJ.

*Harry Sadoff* for appellant.

*William B. Whiteford, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *William B. Yates, II, State's Attorney for Dorchester County,* on the brief, for appellee.

PER CURIAM.

The appellant was found guilty generally of storehouse break-

ing with intent to steal goods of the value of $100 and upwards and related counts by a jury in the Circuit Court for Dorchester County. He was given a general sentence of imprisonment for a term of 8 years.

On appeal he contends that the search warrant was invalid because probable cause was not shown in the application for its issuance. The basis of the contention is that the facts set forth in the application were on information from an informant and thus hearsay. We believe that the contention is fully answered in *Scott v. State,* 1 Md. App. 481 in which we reviewed the effect of the 1958 amendment of Md. Code (1967 Repl. Vol.), Art. 27, § 551 and the purport of judicial decisions in this State relating to the matter. We found that the rule of law in this State is not more stringent and demanding than the rule announced by the Supreme Court in search warrant cases. See *Jones v. United States,* 362 U. S. 257; *United States v. Ventresca,* 380 U. S. 102. We concluded that the rule in this State authorizes "* * * hearsay information from a reliable source to be utilized in the determination of 'probable cause' if the issuing court is informed of some underlying circumstances within personal knowledge of the affiant reasonably justifying a belief in the reliability of the information received from a known informant." 1 Md. App. at 490.

The application for the warrant in the instant case set forth that the affiant, an officer of the City of Cambridge Police Department, was advised by the Department that the crime of grand larceny had been committed; that an informant advised him that a revolver and a double edged knife with rubber case, answering the description of two of the articles stolen, were located "the third floor left rear room (facing the front of said building) of a three story dwelling house situated at 505 Cedar Street, Cambridge, Dorchester County, Maryland" occupied by Roosevelt Sessoms; and that the affiant had been a police officer for approximately three and one-half years. The application further stated:

"That the informant is unknown to your affiant, but that your affiant was advised by the following persons that the informant was a reliable person whose word could be relied upon:

> (a) David F. Schroeder, a merchant, who has known the informant for a period of three years.
>
> (b) John W. Gordy, Jr., Personnel Manager for the informant's employer, who has known the informant for a period of two years.
>
> (c) John Meredith, the informant's landlord, who has known the informant for a period of two years."

The affiant averred on the basis of these facts and circumstances that "there is probable cause to believe, and he does believe, that the aforesaid room occupied by Roosevelt Sessoms contains evidence concerning said grand larceny" and prayed for the issuance of a Search and Seizure Warrant. We think that the hearsay information set forth in the warrant was shown to be from a reliable source, and as other underlying circumstances stated in the application, within personal knowledge of the affiant, reasonably justified a belief in the reliability of the information received from the informant, the hearsay information could be properly utilized in the determination of probable cause. Utilizing this information, probable cause was shown for the issuance of the warrant.

The appellant attempts to distinguish *Scott* by urging that "* * * much more information, especially personal knowledge of the Sheriff (the affiant) was presented in the application for the search warrant" in *Scott* than in the instant case. Even assuming this to be correct, we have found the application here sufficient to show probable cause and that the application in *Scott* may have contained more information is not material. He also argues that the victim should have made an affidavit "as to the crime committed against him in detail" as part of the application. He cites no authority for this proposition and we deem it to be without merit. We think it apparent from the application that the affiant had reasonable cause to believe a felony had been committed.

The appellant also attacks the warrant on the ground that in the affiant's testimony at the trial, he said that the informant told him that "she had seen certain weapons in the appellant's apartment" but when the informant testified, she said that "the only knowledge she had about any weapons was what she had

overheard in a conversation." While such inconsistency may go to the credibility of the witnesses, a matter to be considered by the trier of facts, it is not relevant to the issue of probable cause for the issuance of the search warrant. It has been firmly established in this State that "the court's consideration of the showing of probable cause should be confined solely to the affidavit itself." *Smith v. State,* 191 Md. 329, cert. den. 336 U. S. 925. In *Scarborough v. State,* 3 Md. App. 208, we said that evidence outside the affidavit, no matter by whom produced or how, is not relevant to the inquiry of probable cause.

The remaining contention of the appellant is that the validity of the search of his premises and seizure of the evidence cannot be on the ground that he consented to it. We need not reach this contention as we have held that the search warrant was valid. In any event, however, we think that the appellant did consent to the search. After the search warrant was issued, but before it was executed, the appellant was "brought to (police) headquarters." A police officer testified that "he was asked could his premises be searched. He was advised why he was here at headquarters and asked could his room or where he lived be searched and he consented. Before the warrant was read to him, he consented to us that we had the right to search his room. * * * [H]e said, 'You do not need a search warrant. I will take you there myself and let you search my room.' " The search warrant was then read to him and he was asked if he understood what had been read. He said, "Yes, I understand you but you don't have to have this. I will take you there myself." "And again he consented that we could go to his room and search it." The police and the appellant went to his room described in the warrant. The appellant "* * * took his keys out and unlocked the door. He went in before us and the other officers came in behind Mr. Sessoms. And we begun our search." The appellant does not contend that his consent was not voluntarily made but argues that the State "abandoned" the consent when the search warrant was read to him. He now alleges that his premises were searched pursuant to the warrant. But the appellant consented to the search both before and after the warrant was read to him and such consent was consistent with his defense at the trial—that anyone could get in his room with

a skeleton key, "the key that you buys in the five and ten cent stores * * * two for nineteen cents," and that he did not know that the articles seized were in his room. The appellant cites no authority, and we know of none holding that when the State has obtained a search warrant, be it valid or invalid, it must rely exclusively on the warrant, and thus there cannot be a valid search by consent under such circumstances. We think that upon legally sufficient evidence that consent was voluntarily given, a search would be valid even though a search warrant had been issued.

We hold that the trial court did not err in admitting the evidence of which the appellant complains.

*Judgment affirmed.*