LYNN KENNY PRICE *v.* STATE OF MARYLAND

[No. 362, September Term, 1967.]

*Decided September 19, 1968.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Norman F. Summers,* with whom was *Harry D. Barnes* on the brief, for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Donaldson C. Cole, Jr., State's Attorney for Cecil County,* on the brief, for appellee.

PER CURIAM.

The appellant was found guilty of assault and battery by a jury in the Circuit Court for Cecil County and sentenced to imprisonment for a term of two years.

On appeal he contends that the evidence was not sufficient to sustain the conviction, that he was prejudiced by the remarks and conduct of the trial judge and that there was error in admitting certain evidence.

I

No motion for judgment of acquittal was made by the appellant either at the close of the evidence offered by the State or at the close of all the evidence. In the absence of such a motion at the close of all the evidence this Court will not re-

view the sufficiency of the evidence in a case tried by a jury. *Culver v. State,* 1 Md. App. 406; *Quinn v. State,* 1 Md. App. 373. In any event, in the instant case there was evidence that a girl 16 years of age, babysitting for her neighbor, took six young children to movies on Saturday afternoon about 2:30 P.M. to see a double feature of two Walt Disney movies. She was seated in the first row that was empty with four of the children, two of them going further down front. The appellant, who was seated in the row in front of where she was seated, kept glancing back at her. "While the movie went on, he had his hand down behind the seat and he bumped my leg. I did not think anything of it, I thought it was an accident. At different times I had to go up and get candy and things for the kids, and every time I went, he watched and kept looking back. One time I was coming back from the candy thing and he was standing there by the men's room watching which way I was going * * * I did not want to go by him, so I went around the other way, back to the kids, back where they were sitting. When I got back and sat down, he had returned to his seat * * * So one time I was taking one of the kids up to the front to go to the bathroom, that is when he put his hand down behind, and he had his hand there and had a hold of my leg, I said, 'You beast,' and took off to the front of the movies * * * He had hold of my leg, he grabbed it as I was getting up." He had hold of her leg "about around the knees. I pushed my way by and he did not move his hand. I was scared to go back, so I sent Dolores down to get the other kids and he told them not to move." She had one of the children call their father, Miller Carroll. The father saw the babysitter in front of the Sheriff's office. "She was very disturbed and upset. She was crying and really emotionally upset * * * She said a gentleman in the movies had been fooling with her legs." She accompanied the father and the theatre manager into the movie, although she "did not want to go. She was scared. We went as far as the door in the movies and she saw him, then she turned and in a very emotional way and ran out the door." The appellant accompanied the theatre manager to the jail where he was identified by the prosecuting witness. The appellant, 30 years of age and married, testifying on his

own behalf, denied putting his hands on the girl or that he touched her in any way or that he glanced back at her or looked at her. "Any unlawful injury whatsoever, however slight, actually done to the person of another, directly or indirectly, in an angry, revengeful, rude or insolent manner is a battery. Every battery includes an assault * * *." Clark and Marshall, *Crimes,* 6th Ed. § 10.19, p. 654; *Leatherberry v. State,* 4 Md. App. 300, 305; *Kist v. State,* 4 Md. App. 282.

The test in reviewing the sufficiency of the evidence in a jury case is whether any relevant evidence was given to the jury which could have sustained the conviction. *Tillery v. State,* 3 Md. App. 142. We think the evidence here met this test; we cannot say that there was no relevant evidence before the jury which could have sustained the conviction. The jury was not obligated to believe the denials of the appellant. *Johnson v. State,* 2 Md. App. 486; *Logan v. State,* 1 Md. App. 213.

## II

During the direct examination of Miller Carroll the State asked what happened when he saw the prosecuting witness in front of the Sheriff's office. Carroll said, "I talked to her and she told me about this—." Defense counsel objected to the witness testifying as to what the prosecuting witness said. The record shows the following:

> "THE COURT: He can say she made a complaint and the nature of the complaint.
> MR. BARNES: If it please the Court. The defendant was not present.
> THE COURT: This is a corroboration for the person that made the complaint, just as it is in the other sex offenses. The truth of it is, of course, for the jury to decide. It is in a sense, corroborative of the girl's statement, because nobody saw it except she. I am going to permit this. You have your objection and I overrule it.
> Q. Mr. Carroll, what was the nature of her complaint, not her conduct?
> A. She said a gentleman in the movies had been fooling with her legs."

The appellant contends that he was prejudiced by the reference of the trial judge to "other sex offenses" as it was "such as to inflame the conscience of the jury and prejudice the jurors against him." But no objection was made to the remarks nor did the appellant move to strike them or request that a mistrial be declared. The point is not properly before us. Md. Rules, 1085. The appellant also claims that the court erred in overruling the objection to the testimony. We do not feel that the testimony that the prosecuting witness said that "a gentleman in the movies had been fooling with her legs" was properly admissible under the rule relating to complaints and the details thereof applicable in rape cases as set forth in *Green v. State*, 161 Md. 75, 82 (see *Culver v. State*, 1 Md. App. 406, 414). But we do think that the testimony was admissible as part of the *res gestae*. We said in *Reckard v. State*, 2 Md. App. 312 at 316-317:

> "As otherwise expressed, whether a declaration is a part of the *res gestae* depends upon whether the declaration represented the facts talking through the party or whether the party was talking about the facts, since *res gestae* comprehends a situation which presents an occurrence sufficient to produce a spontaneous and instinctive reaction under such circumstances as to show a lack of forethought or deliberate design on the part of the declarant.
>
> To constitute *res gestae* an utterance need not in all strictness be contemporaneous, in the sense of simultaneous, with the principal act; it may be subsequent to it, provided there has not been time for the exciting influence to lose its sway and be dissipated by meditation.
>
> The point is not so much the lapse of time or change of place as the continuance of a situation which insures that what is said is, in fact, a spontaneous reaction to the occurrence, rather than an independent, preconceived action of the speaker's will."

In the instant case the declaration was made at such a time and under such circumstances that the exciting influence of the

occurrence clearly produced a spontaneous and instinctive re-action on the part of the declarant. She was still emotionally engulfed by the situation. We find no error in the court's ruling.

The appellant also complains that the trial court was prejudiced against him and not impartial because it sustained objections to certain questions propounded by his counsel on the direct examination of him. The questions were attempting to elicit where the appellant had been taken after his arrest and whether he had a preliminary hearing.[1] The relevancy of the evidence sought was not apparent and there was no offer of proof to show that it was relevant. See McCormick, *Evidence* (1954), § 151. We find no error in the court's rulings and no showing that the court was in anywise prejudiced against the appellant or other than impartial.

> *Judgment affirmed; appellant to pay costs.*

---

1. The appellant was arrested on July 8, 1967. The docket entries show that a criminal information was filed against him on 19 July, bail was set at $1000 on 21 July and a recognizance bond in that amount was filed the same day. In argument to the court defense counsel said that there was a hearing "where (the appellant) was illegally detained and they sent him to the insane asylum * * *" but the record is otherwise silent on the matter.