BURRELL ET AL. *v.* STATE

[No. 157, October Term, 1954.]

(Two Appeals In One Record)

*Decided May 17, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Ernest L. Perkins,* with whom were *William H. Murphy* and *Donald G. Murray* on the brief, for appellants.

*James H. Norris, Jr., Special Assistant to the Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Anselm Sodaro, State's Attorney for Baltimore City,* and *James W. Murphy, Assistant State's Attorney,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

With the aid of evidence secured through a search warrant, appellants were convicted of violation of the lottery laws in the Criminal Court of Baltimore by the court sitting without a jury. They duly moved to quash the warrant and to suppress the evidence, and the court denied the motion. The claim was that Harriet Smith Burns, one of the appellants, whose observed actions constituted much of the basis of the probable cause for the issuance of the warrant, was not in Baltimore on the days when the supposed observations were made. She proffered evidence to prove this fact and the court refused the proffer.

The sole question which the appellants raise is the correctness of the court's action in denying them an opportunity to controvert the facts set forth in the affidavit of probable cause. It is conceded that the facts as set forth in the affidavit established probable cause.

The appellants concede that the settled law of Maryland is against their contention but ask us to overrule the cases which have so declared the law. They say that it is unreasonable and unjust to allow an officer who has made no personal observation to appear before a judge and secure a warrant, and yet, when the warrant is challenged, refuse to allow the facts set forth in the affidavit of probable cause to be refuted. It is suggested that the deterrent to which this Court has averted, namely, that one making a false affidavit would be subject to the penalties of perjury, is of little practical effect if the officer who makes the oath can do so on information and belief coming from disclosures made through official channels. In *Tischler v. State,* 206 Md. 386, 111 A. 2d 655, Judge Delaplaine said for the Court: "Appellant, however, earnestly contended that the Court

should not have overruled his motion to quash the search warrant because the allegations in the application for the warrant were completely contradicted by his motion and the accompanying affidavits. We must reject his contention because the law was established in 1948 by our decision in the case of *Smith v. State,* 191 Md. 329, 335, 62 A. 2d 287, 5 A. L. R. 2d 386; *certiorari* denied 336 U. S. 925, 69 S. Ct. 656, 93 L. Ed. 1087, that if the affidavit that forms the basis for the issuance of a search warrant is sufficient on its face, any question as to whether the affidavit showed probable cause is confined to the affidavit itself, and on a motion to quash the search warrant on the ground of lack of probable cause, no testimony can be received to contradict the truth of the allegations in the affidavit.

"Appellant urged that we should abrogate this rule because it encourages police officers to make false statements under oath. But the rule which was adopted by this Court in 1948 was reaffirmed in 1951 in *Goss v. State,* 198 Md. 350, 354, 84 A. 2d 57; again in 1952 in *Adams v. State,* 200 Md. 133, 139, 88 A. 2d 556; and again in 1953 in *Harris v. State,* 203 Md. 165, 172, 99 A. 2d 725. Accordingly we have observed that the rule is so firmly established in Maryland that it should not be changed by a decision of this Court. We also take occasion to say that this rule has been generally followed in other States." The Court went on to point out that if an applicant for a search warrant wilfully makes a false statement in his affidavit, he could be prosecuted under the Perjury Act. We are not persuaded that the earlier cases were wrongly decided.

Appellants' argument that a warrant should not be sustained where the affidavit on which it is issued is made by one without personal knowledge of the facts sworn to, must fall before the cases which this Court has decided to the contrary. *Allen v. State,* 178 Md. 269, construing the then new statute, held that the facts set out in the warrant do not have to be within the personal knowledge of the affiant, but it is sufficient that the re-

sponsible official sources, from which the facts were derived, are set forth in the warrant as the basis of the belief of the affiant. In *Foreman v. State,* 182 Md. 415, and *Frankel v. State,* 178 Md. 553, the affirmations were made by a police officer on information furnished by two other named police officers and were held to be good. See also *Kapler v. State,* 194 Md. 580, 587; *Smith v. State,* 191 Md. 329; and *Goodman v. State,* 178 Md. 1.

In both *Tischler v. State, supra,* and this appeal, it was earnestly argued that the penalties of perjury constitute no sanction as a practical matter, because the officer who makes the oath could not be successfully prosecuted if the information was given him through official channels and was believed by him to be accurate, and the officer who gave the information could not be prosecuted because he had not sworn to it. It may well be that the better practice would be for the officer who makes the observations to make the affidavit, either before the judge who issues the warrant or in a sworn statement furnished to his superior who is to make the final oath. It may well be, too, that the Legislature will feel that the law should be changed to require the oath of the actual observer, but until the law is changed, and it is not being changed in this opinion, it is sufficient under the statute and the decisions if the responsible official sources from which the facts are derived, are set forth in the warrant as the basis of the belief of the affiant.

*Judgments affirmed, with costs.*