HERMAN CLAYTON *v.* STATE OF MARYLAND

[No. 153, Initial Term, 1967.]

*Decided July 21, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PRETTYMAN, J., Associate Judge of the First Judicial Circuit, specially assigned.

*Milton B. Allen,* with whom was *Richard K. Jacobsen* on the brief, for appellant.

*Lewis A. Noonberg,* with whom were *Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

On May 19, 1966 the appellant was convicted of violation of the lottery laws in the Criminal Court of Baltimore, Judge Joseph L. Carter presiding without a jury. He was sentenced to imprisonment for a term of eleven months and fined $1,000 and costs, consecutive.

The only contention raised on appeal from this judgment is that the search warrant was "executed too late."

The appellant filed a motion to quash the warrant which included as a ground therefor that "the warrant is a stale warrant in that the probable cause for search of the so-called premises occurred more than 15 days prior to the issuance of the warrant or at a time too remote from the issuance of the warrant to constitute probable cause for the issuance of a warrant." The motion was denied. The application for the search warrant disclosed that the observations of the police were made on November 10, 1965, November 11, 1965, and November 17, 1965. The affidavit was made and the search warrant was issued on November 29, 1965 and served on the appellant on December 2, 1965. Apart from the allegation that the facts set forth in the application were too remote in time from the issuance of the

warrant, the appellant does not contend that the facts are insufficient to establish probable cause. Maryland Code (1967 Replacement Volume), Article 27, § 551 provides in part:

"Whenever it be made to appear to any judge * * * by a written application signed and sworn to by the applicant, accompanied by an affidavit or affidavits containing facts within the personal knowledge of an affiant or affiants, that there is probable cause, the basis of which shall be set forth in said affidavit or affidavits, to believe that any misdemeanor or felony is being committed by any individual * * * such judge * * * may forthwith issue a search warrant * * * to search such suspected individual * * *."

The section further provides:

"* * * any search or seizure under the authority of such warrant, shall be made within fifteen (15) calendar days from the date of the issuance thereof and after the expiration of said fifteen (15) day period said warrant shall be null and void."

It is established that the finding of presence or absence of probable cause is to be made from the allegations of the application for the warrant, *Henderson v. State,* 243 Md. 342, 344, and that a period of fifteen days is a reasonable time to allow for the execution of a search warrant, *Griffin v. State,* 232 Md. 389, 392. In *Henderson,* at page 344, the Court quotes *Henson v. State,* 236 Md. 518, 521:

"Probable cause, which is less than certainty or demonstration but more than suspicion or possibility, is to be determined by the judge or justice who issues the warrant, and if a prudent and cautious man would be justified from the facts presented to show its existence in believing that the offense had been or was being committed, the warrant properly may be issued. In making his determination this judicial, hypothetical, 'cautious and prudent man' may give consideration to the special significance which objects, happenings and individuals may have conveyed to the trained, experi-

enced and knowledgeable police officers who apply for the warrant. *Dean v. State,* 205 Md. 274; *Bratburd v. State,* 193 Md. 352."

It is noted that the Court construed the statute so that the facts to show the existence of probable cause may be in regard to an offense that "had been or was being committed." The appellant urges that the facts must justify a belief that the offense "is being committed" and therefore the elapsed time from the observations establishing the facts for the issuance of the warrant is pertinent to a determination of probable cause. Thus, he contends, this elapsed time, in order to justify the belief that the offense "is being committed," will vary according to the type of offense and whether a place, person or vehicle is being observed, stating that the observation of an automobile or person on the street is "of a transitory mobile nature having no element that would lead a judge to reasonably assume that 19 days later the same suspect would be committing the same crime or that the contraband would be in the vehicle in the same vicinity." He maintains that, under such circumstances, only a "short time" would justify the required belief. There is no statute in this State providing that the facts in the application, set forth to establish probable cause, must result from observations made within a designated time before the issuance of the warrant. Nor do we find a Maryland case directly in point. We think that the remoteness of the facts observed from the date of issuance of the warrant is an element to be considered in each instance by the issuing authority in his determination, as vested in him by § 551, of whether it appears that there is probable cause. We do not feel compelled or persuaded to the contrary by the cases relied on by the appellant. He cites *Sgro v. United States,* 287 U. S. 206 (1932) and *United States v. Sawyer,* 213 F. Supp. 38 (E. D. Pa. 1963). In *Sgro* a search warrant had been issued and was not executed within the ten days required by the federal statute. It was "reissued" after a lapse of 21 days from the time of the affidavit. It was held that because of this lapse of time there was insufficient basis to establish probable cause. In a concurring opinion Mr. Justice McReynolds stated that since the statute declared that after 10 days a

warrant not fully executed shall be void, he thought that no search warrant should issue upon an affidavit more than 10 days old as such affidavit must relate to facts to show an unlawful situation actually or probably existing at the moment. In *Sawyer* a motion to suppress the evidence obtained as a result of a seizure pursuant to a search warrant was granted where the facts upon which the warrant was issued were not only double and triple hearsay but 107 days old.

In the instant case, the search warrant was executed on the third day after it was issued. The observations establishing the facts set forth in the application were made during a period of 19 days to 12 days from the making of the affidavit and the issuance of the warrant. During this period the observations on the second and third day confirmed that the observations on the first day were not an isolated instance but part of a continuing plan and practice. We think that the allegation of the appellant that probable cause was shown only by the facts observed on the first day is without merit and in any event we feel, that under the circumstances of this case, the facts observed were not so remote from the issuance of the warrant to invalidate the warrant for lack of probable cause. See *Varon, Searches, Seizures and Immunities*, § 13, p. 322; 100 A.L.R. 2d 525. In *Henderson v. State*, supra, the Court quoted *United States v. Ventresca*, 380 U. S. 102 and we adopt part of that quotation:

> "* * * when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants."

We find no error in the denial of the motion to quash the warrant or in the admission of the challenged evidence.

*Judgment affirmed; appellant to pay costs.*