## DAVID P. KIST v. STATE OF MARYLAND

[No. 293, September Term, 1967.]

---

*Decided June 4, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Richard K. Jacobsen,* with whom was *James J. White, III,* on the brief, for appellant.

*Edward F. Borgerding, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Donald Needle, Assistant Attorney General,* and *William P. Fennell, State's Attorney for Kent County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The appellant was found guilty by a jury in the Circuit Court for Kent County of grand larceny and sentenced to imprisonment for a term of 5 years.

Prior to trial the appellant moved that the search warrant, under the authority of which evidence was seized from his

home, be quashed and that the evidence be suppressed.[1] On this appeal from the judgment, the appellant claims error in the denial of the motion and in the admission at the trial of the evidence seized.

The affidavit to the search warrant, sworn to by Trooper Wilson E. Todd of the Maryland State Police on 18 December 1966, alleged that upon his personal knowledge, information and belief there was probable cause to believe that a misdemeanor or felony had been committed and that the fruits of the crime were held by Albert Kist in a "one story bungalow, frame construction located off the north side of Maryland Route 7, Charlestown, Cecil County, Maryland." The fruits of the crime were designated as "one R. C. A. color television set and one Sears Silvertone portable television set bearing 'RCM' marks thereon, property of Roy C. Mitchell." The only basis for the allegation of probable cause set forth in the affidavit was "that the two television sets referred to above (plus another T.V. set) were seen by Robert S. Bean on the premises referred to above on December 14, 1966, and that two television sets of identical description were stolen from Roy C. Mitchell's residence on or about December 8, 1966, and that on or about December 8, 1966, David Kist, son of Albert Kist, was on the Roy C. Mitchell premises."

It has been firmly established in this State that the court's consideration of the showing of probable cause must be confined solely to the affidavit itself. *Scarborough v. State*, 3 Md. App. 208, 211. "The probable cause necessary for the issuance of a search warrant requires a proper showing not only that a crime has been or is being committed, but also that the evidence of the crime is upon the person or within the place or thing to be searched." *Frey v. State*, 3 Md. App. 38, 44; *Salmon v. State*, 2 Md. App. 513. An affidavit may be based on hearsay information, even from an unidentified informant, and need not reflect the direct personal observations of the affiant, but it must contain some of the underlying circumstances from which

---

1. The testimony adduced at the trial indicated that both the appellant and his father, Albert Kist, resided in the dwelling searched.

the affiant could be reasonably justified in a belief that the hearsay information was reliable or the informant was credible. *Scott v. State,* 1 Md. App. 481. So in *Sessoms v. State,* 3 Md. App. 293, the credibility of the informant was shown by a statement in the affidavit that three named persons, who had known the informant for a designated period of time under circumstances therein set forth, had advised the affiant that the informant was "a reliable person whose word could be relied upon." But information received from an informant, who is only alleged to be "considered reliable," without any reason given as to the basis of that conclusion, would not constitute probable cause for the issuance of the search warrant. *Frey v. State,* supra, p. 44. See *Gatewood v. State,* 244 Md. 609.

In the instant case the informant was named in the affidavit but there were no facts set forth showing that the affiant was reasonably justified in a belief that such informant was credible or his information reliable. Nor were there any other facts stated to show that the evidence of the crime was within the place to be searched. We think that the affidavit did not show probable cause as required for the issuance of the warrant and hold that the lower court erred in the denial of the motion to quash the warrant and suppress the evidence and in admitting in evidence the articles seized.

In view of our finding we need not consider the other contention raised by the appellant.

*Judgment reversed; case remanded for a new trial.*