# GARY LEE DUGGINS *v.* STATE OF MARYLAND

[No. 426, September Term, 1968.]

*Decided August 12, 1969.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Michael Trainer* for appellant.

*H. Edgar Lentz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur*

A. *Marshall, Jr.,* State's Attorney for Prince George's County, and *James E. Kenkel,* Assistant State's Attorney for Prince George's County, on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

On December 3, 1968, appellant Gary Lee Duggins was found guilty by a jury in the Circuit Court for Prince George's County of possessing counterfeiting paraphernalia in violation of Maryland Code, Article 66½, Section 77(a)(2) and was sentenced to imprisonment for a term of five years.

The principal question raised on this appeal is whether the State met its burden of proving the legality of appellant's arrest. We hold that it did not; consequently, evidence seized incident to that arrest was improperly admitted in evidence at trial over appellant's objection.

The record discloses that on October 2, 1968, two agents of the United States Secret Service arrested appellant in Prince George's County, Maryland and, upon searching him incident thereto, seized two blank cards, later identified as paraphernalia used in counterfeiting documents issued by the Maryland Department of Motor Vehicles. Upon appellant's objection to the introduction in evidence of the seized documents, a hearing was held out of the presence of the jury, at which time the federal agents testified in effect that the arrest was made pursuant to a federal arrest warrant which charged appellant with having forged a United States Savings Bond in violation of 18 U.S.C. § 495; that the warrant had been obtained from a United States Commissioner on the same day as the arrest; that it was in their possession at the time they arrested appellant; and that appellant was so advised. The agents further testified that in effecting appellant's arrest they had the assistance of a deputy sheriff of Prince George's County, who had also been advised of the existence of the federal warrant.

The appellant challenged the legality of the warrant

and demanded its production so that the court, in assessing the constitutional validity of the arrest, could pass on the legality of the warrant. The State declined to produce the warrant, taking the position that the testimony of the federal agents that they had a valid warrant in their possession at the time of the arrest was sufficient evidence of itself to demonstrate the validity of the arrest. The trial court agreed with the State's position.

Under the facts of this case, the constitutional validity of the seizure of the incriminating evidence from appellant's person manifestly depended upon the constitutional validity of his arrest. And where, as here, the constitutional validity of that arrest was properly challenged by the appellant, evidence to show the basis upon which the arresting officers acted in making the arrest must affirmatively be shown by the State if it is to carry its burden of proving the legality of the arrest. See *Mullaney v. State,* 5 Md. App. 248, 253. The State relied solely upon the warrant to justify the arrest, and since appellant challenged its legality and called for its production, we think the State was required to do more than simply make a testimonial showing that the warrant actually existed at the time of the arrest.

In *Bumper v. North Carolina,* 391 U.S. 543, the Supreme Court made the observation that if the State relied upon a search warrant to justify a search, but failed to produce it in evidence, "there is no way of knowing the conditions under which it was issued, or determining whether it was based upon probable cause" (footnote 15 at page 550). And it has been held that under the so-called "best evidence rule," the contents and existence of a search warrant may, where challenged, be proved only by the introduction of the warrant itself, unless it is shown that the warrant is unavailable for some reason other than the fault of the prosecution. See *Cain v. State,* 148 S.E.2d 508 (Ga. App.) ; *Brown v. State,* 87 So. 2d 84 (Miss.). In *People v. Wohlleben,* 67 Cal. Rptr. 826 (Cal. App.), the rule was applied to an arrest warrant. In that

case, the defendant was arrested after the officer who had stopped her for a traffic violation was notified over his car radio that arrest warrants were outstanding against her. At trial, the prosecutor did not produce the warrants and instead sought to prove their existence and contents through the testimony of one of the arresting officers who had seen the telegraphic copies of the warrants at the police station after the defendant was booked. Defense counsel objected at trial to the introduction of his testimony on the ground, among others, that the warrants themselves were the best evidence of the contents of the warrants. In reversing defendant's conviction for possession of marihuana found in a search incident to this arrest, the court applied the best evidence rule and stated:

"* * * Unless a foundation is laid for the use of other evidence, no evidence of the contents of a writing other than the writing itself is admissible. * * * The contents of the warrants under which defendant was arrested were necessarily in issue since it was incumbent upon the prosecution to prove that the defendant was the person named in the warrants. Defendant having objected to the competency of the prosecution's evidence of the warrants, the court erred in not requiring that the original warrants be produced or that a proper foundation be established for the use of the secondary evidence. A rule which requires the production of the original warrant does not place a burden on the People because, as the Supreme Court observed in *People v. Burke* [394 P. 2d 67, 68], in connection with search warrants, 'Ordinarily proof of the existence of a search warrant is a simple matter, and in the face of an objection that the evidence has been illegally obtained, it seems obvious that the prosecution will produce a warrant if one exists.'" (67 Cal. Rptr. at page 830)

The best evidence rule is applicable in criminal cases in this State, *Forrester v. State,* 224 Md. 337, and as we observed in *Lamot v. State,* 2 Md. App. 378, 383, in modern practice the rule is ordinarily invoked where there is an attempt to substitute oral for documentary evidence or where proof is to be made of some fact of which there is a record in writing.

Appellant's attack on the legality of the federal warrant was not limited to an assertion that its recitals failed to show the existence of probable cause.[1] Rather, his challenge was more broadly based and encompassed, *albeit* in general terms, an assertion that if the warrant existed at all, it quite possibly was not properly completed and was therefore legally defective. Under these circumstances, we think it evident that the State cannot overcome the challenge by producing only the testimony of those who procured the warrant to the effect that it did exist and that it was a lawful warrant. Of course, whether the warrant was lawful or not is a matter of law for the determination of the trial judge, a function which he manifestly cannot perform unless he reviews the warrant in light of the objections made to it or, if the warrant is shown to be unavailable for proper reasons, by considering secondary evidence of its existence and contents. As the trial judge followed neither course, we hold that he erred in finding appellant's arrest to be lawful.[2]

> *Judgment reversed; case remanded for a new trial.*

---

1. Arrest warrants issued under authority of State law frequently do not contain any allegations demonstrating the existence of probable cause for their issuance, and we have not required that probable cause be shown by recorded testimony contained within the four corners of the warrant. See *Williams v. State,* 6 Md. App. 511.

2. We note that the warrant is in fact available to the prosecutor since the Attorney General has appended it to his brief on appeal. For obvious reasons, however, the time to produce the warrant was at the trial when the issue of the legality of the arrest was before the court for resolution.