## ELWOOD W. GRIMM *v.* STATE OF MARYLAND

[No. 428, September Term, 1968.]

*Decided August 12, 1969.*

The cause was argued before MURPHY, C.J., and AN-DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Howard Gilbert, Jr.,* and *Kenneth J. Mackley,* with whom were *Paul Ottinger* and *Robert H. Reinhart* on the brief, for appellant.

*Thomas M. Downs, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, David K. Poole, Jr., State's Attorney for Washington County,* and *Lynn Meyers, Deputy State's Attorney for Washington County,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

On September 27, 1968 appellant Elwood W. Grimm was found guilty by a jury in the Circuit Court for Allegany County of grand larceny, specifically the theft of four aircraft jigs alleged to be the property of the United States, and was sentenced to imprisonment for an indeterminate term not to exceed one year and fined $1,-000.00.

The principal question raised by this appeal is whether the search warrant authorizing a search of appellant's property was properly issued. We hold that it was not. As a result, evidence seized under it was improperly admitted at trial over appellant's objection, and, as such evidence contributed materially to his conviction, that conviction must be reversed.

On November 17, 1967, pursuant to information received from informants, William Mason, deputy sheriff of Washington County, applied for a search warrant to search appellant's junk yard for various aircraft tools stolen on June 11, 1967 from the premises of the Fairchild Hiller Corporation near Hagerstown, Maryland. The search warrant was issued and executed that day and a metal tag alleged to have been attached to one of the stolen aircraft jigs was found in appellant's junk yard.

The application for the search warrant stated, in pertinent part, that "Elwood W. Grimm utilizes said property as a salvage yard upon which the affiant [Mason] has *personal knowledge* and probable cause to believe is being kept and stored certain property known to have been stolen from the premises of Fairchild Hiller Corporation." (Emphasis added.) The application further stated that the affiant Mason "hereby states that he was

advised by *reliable* persons whose identities he desires not to disclose at this time because of jeopardy to their persons, that the said Elwood W. Grimm * * * has secreted certain stolen property previously described above on said premises * * * and said *reliable* informants did further state that they saw and identified the previous mentioned stolen property as being on these premises on or about June 12th, 1967 and that they have reason to believe that some, if not all, of said property is still situated there presently." (Emphasis added.)

It is well settled that the Fourth Amendment requires that a search warrant be issued only after a neutral and detached magistrate himself sifts the facts presented to him by policemen to determine whether probable cause exists for the issuance of that warrant. *Johnson v. United States*, 333 U. S. 10. Obviously, to sift properly, the issuing magistrate must have the relevant facts before him which the affiant alleges as the basis of probable cause; otherwise, the magistrate would be obliged to accept the affiant's conclusions and thus would "serve merely as the rubber stamp for the police." *Aguilar v. Texas*, 378 U.S. 108, 112.

It is, of course, well settled that the presence or absence of probable cause to support the search warrant must be determined solely from the allegations of the application for the warrant. *Tucker v. State*, 244 Md. 488; *Henderson v. State*, 243 Md. 342; *Burrell v. State*, 207 Md. 278; *Scarborough v. State*, 3 Md. App. 208; *Clayton v. State*, 1 Md. App. 500. In other words, the court's determination of the existence of probable cause must be confined solely to the affidavit itself, and evidence outside the affidavit, no matter by whom produced or how, is not relevant to the inquiry of probable cause. *Smith v. State*, 191 Md. 329; *Sessoms v. State*, 3 Md. App. 293. See *Scott v. State*, 4 Md. App. 482.

We think Mason's bald and conclusory statement that he had "personal knowledge and probable cause to believe" that stolen aircraft parts were being kept on ap-

pellant's land is insufficient to establish a factual foundation for probable cause. Mason did not state in his affidavit that he actually saw the contraband on appellant's land, nor did he set out any facts therein which might have constituted "personal knowledge." We are unwilling to conclude that Mason's mere assertion that he had "personal knowledge * * * to believe" that the stolen articles were located on Grimm's property is the equivalent of a factual statement that he personally saw the stolen items at this location. As Mason's affidavit provided none of this vital information, it failed to contain sufficient factual allegations from which the issuing magistrate could independently find the existence of probable cause.[1] See *Nathanson v. United States*, 290 U. S. 41 (1933) where the conclusory and unsupported assertion of a reliable police officer was found insufficient as a basis for probable cause. As has been repeated many times before, the issuing magistrate has not properly discharged his constitutional duty if in determining whether probable cause exists, he relies solely on the judgment of a policeman "engaged in the often competitive enterprise of ferreting out crime." *Johnson v. United States, supra.*

The second clause of the affidavit, alleging that certain information was gleaned from "reliable" informants, is likewise constitutionally defective. In *Aguilar v. Texas, supra,* the Supreme Court made it plain that the mere assertion that an undisclosed informer is reliable is unacceptable, as supporting facts must be set out in the affidavit to enable the issuing magistrate to make his own independent judgment as to such reliability. In *Spinelli v. United States*, 393 U. S. 410, 89 Sup. Ct. 584 (1969), the Supreme Court, in further explaining the principles

---

1. This case demonstrates the wisdom of the requirement that a magistrate not accept such conclusory assertions by police officers because testimony at the suppression hearing revealed that deputy sheriff Mason had no basis at all for saying that he had *personal* knowledge that contraband was on Grimm's junk yard —not only had he not seen the stolen property in the yard but he had not even been to the yard to look for it before he executed the warrant.

set forth in *Aguilar*, emphasized that even if the requirement is met that a factual foundation be established in the affidavit to enable the magistrate to himself examine the information on which the informers relied, the affidavit must *also* set forth facts which show why those informers are or may be considered reliable. Thus, in *Kist v. State*, 4 Md. App. 282, where a named informant allegedly saw stolen goods on the appellant's premises, we nonetheless held the search warrant defective because "there were no facts set forth showing that the affiant was reasonably justified in a belief that such informant was credible or his information reliable." (4 Md. App. at page 285) In the instant case, the affidavit stated that the informers actually saw the stolen goods on appellant Grimm's lot, but no facts at all are shown to permit the issuing magistrate to make an independent determination that the informers were in fact reliable.[2]

For these reasons, we conclude that the search warrant was improperly issued and that the highly incriminating metal tag seized under authority of the invalid warrant should not be have been admitted in evidence.

*Judgment reversed; case remanded for a new trial.*

---

2. The facts gleaned from the record of the suppression hearing show that the informants in this case were professional thieves who had never given Mason any significant information which led to an arrest or conviction. Further, there is some evidence that the informants may have held a grudge against the appellant.