ROBERT ROBINSON AND MARVIN LOUIS
JONES *v.* STATE OF MARYLAND

[No. 256, September Term, 1971.]

*Decided November 22, 1971.*

440

The cause was argued before MORTON, ORTH and POWERS, JJ.

*David B. Mitchell,* with whom were *David B. Allen* and *Josey, Gibson, Allen & Mitchell* on the brief, for appellant Robert Robinson. Submitted on brief by *Richard S. Kahn* for appellant Marvin Louis Jones.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *James B. Dudley, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Robert Robinson and Marvin Louis Jones, jointly tried before a jury in the Criminal Court of Baltimore, were each found guilty of two offenses of robbery with a deadly weapon committed on 13 September 1970, one against Jerome R. Adamson (1st count indictment 5351/70) and the other against Johnny Baines (1st count indictment 5352/70).[1] Robinson was given a concurrent sentence of 20 years on each conviction. Jones was given a concurrent sentence of 5 years on each conviction.

The questions presented by Robinson go to the reasonableness of a search whereby evidence received against him was seized. The evidence consisted of a .25 caliber

---

1. Kedrick Arnold Johnson was jointly indicted with Robinson and Jones. He was found guilty of the robbery of Adamson (3rd count indictment 5351) upon a plea of guilty thereto and sentenced to 8 years. Indictment 5352 was stetted as to him.

pistol, an ammunition clip for the pistol and a cartridge. The articles were admitted over objection through Officer Roger C. Millian of the Baltimore City Police Department. He testified that on 13 September 1970 about 8:30 a.m. he responded to a call to Lutheran Hospital where he met Adamson and Baines. They gave him a description of three men who had robbed them and accompanied him in his radio car "to canvas the area." They pointed out three men standing on the corner of Bayner and Poplar Grove Streets. Millian radioed for a backup car and "pulled up to the intersection. The suspects had disappeared from the immediate area. They weren't on the street. They didn't run, it was only two places they could have gone, in the door of a shoeshine parlor or the Lucky Number Club" located at the intersection. Millian went in the shoeshine parlor. There were several persons having their shoes shined but he did not see the suspects. He had a conversation with the owner of the establishment and went to the rear of the shop. "There was two doors, one to the left and one to the right. The one to the left was locked; the door to the right didn't have a doorknob on it, so I started to open it, I heard noises inside so I closed it again. * * * After I drew my service revolver, I opened the door. And with the lighting from the outside I could see two subjects standing inside against the wall; one on each side, one to the left and one to the right." The room in which he heard the noise was a "bathroom" about four by five feet in size. There was a toilet in the center. Cleaning materials, mops and brooms were stored in the room. The light in the room was not turned on. Neither of the two persons he saw in the room were using the facilities. "I ordered them to remove themselves and placed them under arrest * * *." I handcuffed them to each other inside the premises and walked them outside, called for a cruising patrol." The arrestees were two of the persons who, when pointed out by the victims, were standing outside the shoeshine parlor. Immediately after the arrestees were placed in a cruising patrol Millian searched

the bathroom. At this point defense counsel objected. Out of the presence of the jury he gave the ground for his objection. In substance it was that although the premises did not belong to the defendants, they had a right to object to the seizure of property therein which belonged to them. "It's incumbent upon the State to prove there was a proper legal search." The court overruled the objection. Before the jury Millian testified that in the bathroom there was a trash can with paper towels in it. "I checked the bottom of the trash can. There was a 25-caliber automatic laying in the bottom." There was a magazine clip in it and one round of ammunition was in the chamber. Those articles were admitted over further objection. Millian made a positive judicial identification of Robinson and Jones as the arrestees.

We hold that the search of the room and seizure of the evidence was not constitutionally proscribed. The Fourth Amendment protects "* * * the security a man relies upon when he places himself or his property within a constitutionally protected area * * *. There he is protected from unwarranted governmental intrusion." *Hoffa v. United States,* 385 U. S. 293, 301. But it is what a person *justifiably* seeks to preserve as private, even in an area accessible to the public, which may be constitutionally protected from unwarranted governmental intrusion, for "the Fourth Amendment protects people, not places." *Katz v. United States,* 389 U. S. 347. The capacity to claim its protection "depends not upon a property right in the invalid place, but upon whether the area was one in which there was a *reasonable* expectation of freedom from governmental intrusion." *Mancusi v. De-Forte,* 392 U. S. 364, 368. Thus "* * * the expectation of privacy is necessarily limited to that which is justifiable and reasonable; and what that encompasses depends upon and is controlled by the circumstances of each case." *Kirsch v. State,* 10 Md. App. 565, 569.

Robinson in oral argument before us conceded the legality of his warrantless arrest and clearly it was legal. *Wescott v. State,* 11 Md. App. 305. But the validity of

the search and seizure here is not predicated upon it being incident to a legal arrest in any event. See *Chimel v. California,* 395 U. S. 752. It is simply that as to Robinson and Jones the "bathroom" was not a constitutionally protected area. They hid in it at the approach of the police and the men they had robbed. Assuming that it was accessible to the public as a public restroom, they had no justifiable and reasonable expectation of privacy therein under the circumstances here. They cannot complain because the police entered the room and seized an article which, by a rational inference, they had discarded. *Davis v. State,* 2 Md. App. 630. This was no unwarranted governmental intrusion, nor lawless police conduct. *Brown v. State,* 3 Md. App. 90, is clearly factually inapposite. We hold that the lower court did not err in overruling the objection to the admission of the pistol, clip and cartridge. The search of the room and seizure of the evidence was not within the protection of the Fourth Amendment and thus could not violate its guarantees.

Jones' attorney filed a brief pursuant to *Anders v. California,* 386 U. S. 738, stating that a copy had been sent to Jones with the explanation that he could present additional points to this Court if he chose. It does not appear that he did so.

The brief presents three points for consideration, one being that presented by Robinson and above resolved. As to the others, we see no error in the denial of a motion for judgment of acquittal as to the first count.[2] Testimony of the victims was sufficient to establish the *corpus delicti* of each offense and the criminal agency of Jones who, without objection, was identified in court as being present during the commission of the crime under such circumstances as to show that he was a participant. *Williams v. State,* 5 Md. App. 450. Nor do we find any error in the admission of evidence adduced by the

---

2. At the close of all the evidence a nolle prosequi was entered as to all counts except the first in each indictment.

State concerning a lineup. The matter of a lineup was first elicited by Jones on cross-examination of the victims and there was no objection to five judicial identifications of Jones and Robinson, two of the robbers. We see no violation of the principles announced in *Smith and Samuels v. State,* 6 Md. App. 59.

We observe that in our review of the record as to Jones, we find no error requiring reversal of the judgment.

> *Judgments affirmed; one half of the costs to be paid by Robinson.*[3]

---

3. Jones was authorized by order of the lower court to prosecute the appeal as an indigent defendant. Robinson did not file a petition to do so, was represented by privately retained counsel and paid the appeal filing fee.