## BETTY JEAN KRAFT *v.* STATE
## OF MARYLAND

[No. 86 (On Remand), September Term, 1972.]

*Decided October 3, 1973.*

Before THOMPSON, MOYLAN and POWERS, JJ.

THOMPSON, J., delivered the opinion of the Court.

The appellant was convicted by a jury in the Circuit Court for St. Mary's County for violation of state laws concerning controlled dangerous substances. We found the search warrant to have been issued without probable cause. *Kraft v. State*, 16 Md. App. 347, 297 A. 2d 328. The Court of Appeals reversed and remanded for the determination of the questions which were not reached under our prior decision, *State v. Kraft*, 269 Md. 583, 307 A. 2d 683. The appellant alleges the trial court erred (1) in denying her motion to suppress the seized drugs because the warrant was improperly served; and (2) in denying her motion for a mistrial based upon the prejudicial language of the trial judge in the presence of the jury. We find both rulings to have been proper.

On 8 October 1971, Deputy Sheriff Clarke executed a search and seizure warrant upon the apartment leased to the appellant and another tenant. The sheriff obtained a key to the premises from Mr. Chamberlain, project manager of the housing complex. Mr. Chamberlain accompanied the sheriff, who searched the appellant's then unoccupied apartment and seized a quantity of LSD. On 2 November 1971, the appellant, by motion to suppress evidence, asserted, *inter alia*, that the search warrant was improperly executed without her consent. This argument was explicated during the hearing on the motion:

> "Mr. Myerberg: ... my third part of the argument would be since they [appellant] were not on the premises at the time of the search ... and since Deputy Clarke testified he didn't even bother to look for them, he knew they weren't on the premises when the search was made, the search was made without the presence of the accused, the search is not a valid search."

The appellant cites no relevant authority to support her argument that accused must be present at the time a search

warrant is served, and we know of none. The motion was properly denied.

The motion for mistrial was based upon two grounds. The first was the exclusion of a prospective witness, a co-defendant not being tried, from the court room. Md. Rule 753 permits a trial judge to exclude prospective witnesses from the court room on his own motion. We see no error because only one witness was so excluded.

The second ground for the motion was based upon the following colloquy:

"Mr. Myerberg: You mention this informant has been responsible for eleven narcotics arrests?

The witness: Yes sir.

Mr. Myerberg: Would you identify the arrests for me?

[The Assistant State's Attorney objects.]

Mr. Myerberg: We have a right to know the reliability.

The Court: You have no right to know the identity of the informant or anybody he informs on.

Mr. Myerberg: No right to know the arrests, not informants.

The Court: That is the question you asked him. That is the question you asked him.

Mr. Myerberg: I asked him the name of the arrests and you say —

The Court: That is the person that he informed on. You have no right to know that. You should know that.

Mr. Myerberg: The eleven arrests. I don't know. I'm questioning his reliability. I'm not interested in whether or not he did this.

The Court: I know that. You know they're arrested and you know who he informed on.

Mr. Myerberg: I don't know.

The Court: We're not going to let you know.

Mr. Myerberg: We're going to assume he is reliable?

The Court: No. That is a question for the jury to believe, whether he is reliable or not.[1]

Mr. Myerberg: I'm not going to argue with your Honor. Your Honor has made a ruling, but—

The Court: It is a bad policy to argue with me.

Mr. Myerberg: I understand that. I'm just making my point.

The Court: You can go down the river arguing with me.

Mr. Myerberg: I know that. I have been told that before.

The Court: You might go, too.

Mr. Myerberg: Your Honor, you're picking on me in the whole case. I don't understand why. I am not doing anything wrong to the Court. I'm trying to protect my client. I'm getting picked on every moment of the case."

While we think it better practice for the trial judge not to threaten counsel with contempt proceedings in the presence of the jury, we fail to see how one such threat could have resulted in such prejudice as to warrant a mistrial. See *Collins v. State*, 14 Md. App. 674, 680, 288 A. 2d 221, 225 (1972), *cert. denied*, 404 U. S. 882; *Gerstein v. State*, 10 Md. App. 322, 270 A. 2d 331; *Baldwin v. State*, 5 Md. App. 22, 245 A. 2d 98 and *Carroll v. State*, 3 Md. App. 50, 237 A. 2d 535.

The appellant cites in her brief on appeal a number of instances of intemperate language by the trial judge. We decline to consider those instances because they did not occur in the presence of the jury.

*Judgments affirmed.*

*Appellant to pay the costs.*

---

1. It appears that both appellant's counsel and the trial judge were in error as to the applicable law. The validity of a search warrant is a question for the judge and not the jury. No evidence concerning the reliability of the informants should have been admitted before the jury. *Wilkins v. State*, 11 Md. App. 113, 117, 273 A. 2d 236, 238 (1971); *Cleveland v. State*, 8 Md. App. 204, 208-09, 259 A. 2d 73, 76 (1969); *Price v. State*, 7 Md. App. 131, 143, 254 A. 2d 219, 225 (1969).